STATE ex rel. David S. GONZENBACH, Relator,

v.

The Honorable Tony L. EBERWEIN, Judge of the Circuit Court of St. Louis County, Respondent.

No. 47124.

Missouri Court of Appeals, Eastern District, Division One.

July 19, 1983.

---

Ben Ely, Jr., Mark M. Stewart, St. Louis, for relator.

James E. Hullverson, Jr., St. Louis, for respondent.

SNYDER, Judge.

This is prohibition. Relator David S. Gonzenbach seeks to prohibit the respondent judge, Honorable Tony L. Eberwein from denying Gonzenbach's motions to quash subpoenas duces tecum on deposition issued by Soledad Kaul to Gonzenbach's insurers, State Farm Insurance Co. (State Farm) and Blue Cross/Blue Shield (Blue Cross). This court issued its preliminary writ on May 2, 1983. The preliminary writ is now made absolute.

Kaul has brought a lawsuit against Gonzenbach for the alleged wrongful death of her son, Theodore Cervera, as a result of an automobile accident. She seeks to discover via the subpoenas duces tecum hospital records which Gonzenbach had authorized to be released to his medical and automobile liability insurers. The hospital records relate to treatment which Gonzenbach received immediately after the accident. Prohibition is a proper means for contesting the enforcement of discovery of allegedly privileged information. *State ex rel. Cain v. Barker,* 540 S.W.2d 50 (Mo. banc 1976).

This court held in an earlier prohibition action that plaintiff Kaul could not obtain the hospital records directly from the treating hospital because the records were within the scope of the physician patient privilege. *State ex rel. Gonzenbach v. Lasky,* 641 S.W.2d 430 (Mo.App.1982).

Kaul has since discovered that Gonzenbach authorized the hospital to release the medical records to his insurers, Blue Cross and State Farm. Blue Cross is Gonzenbach's medical insurance carrier; State Farm provides him automobile liability insurance and medical coverage for injuries relating to the use of an automobile.

Kaul's subpoenas duces tecum request Blue Cross and State Farm to produce, among other things, the hospital records. She attempts to justify the subpoenas on the ground that Gonzenbach waived any physician patient privilege which he might have had by releasing the information to his insurers. She requests discovery of the hospital records in order to prove her suspicion that Gonzenbach was intoxicated at the time of the accident.

No contention has been made that Gonzenbach expressly waived the statutory privilege. § 491.060(5) RSMo.1978. The dispositive issue is whether a patient impliedly waives the physician patient privilege when the patient authorizes the physician, or the treating hospital, to release

privileged medical information to the patient's insurers.

■ Section 491.060 is phrased in terms of incompetency of the physician to testify. However, the statute has been held, not to be an absolute bar to a physician's testimony, but rather, to confer upon the patient a privilege to exclude the testimony of his physician, a privilege which may be waived. *State ex rel. Husgen v. Stussie,* 617 S.W.2d 414, 416 (Mo.App.1981). "To make out a case of implied waiver there must be a clear unequivocal and decisive act showing such purpose, or acts amounting to an estoppel." *Fitzgerald v. Metropolitan Life Insurance Co.,* 237 Mo.App. 469, 149 S.W.2d 389, 391[2, 3] (1941).

■ Gonzenbach's acts were not so clearly unequivocal and decisive as to demonstrate a purpose to abandon the privilege. Turning the records over to his insurers is consistent with retention of the privilege because the insurers, who paid a substantial part of the costs of Gonzenbach's hospitalization, are an integral part of the contemporary medical treatment process. Thus, Gonzenbach's actions are consistent with an intention to reveal confidential information only to the extent necessary to obtain treatment and later, payment or reimbursement for his hospital expenses.

· Nor does the release of the records to the insurer constitute an estoppel. Gonzenbach has not affirmatively placed his physical condition at issue. Cf. *State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 601[2, 3] (Mo.1968).

■ "... [T]he purpose of the statute [is] to protect the confidential disclosures of the patient." Peterson, William R., "The Patient-Physician Privilege in Missouri." 20 K.C.L.Rev. 122, 124 (1951–52). By protecting the confidentiality of the patient's disclosures, the patient is encouraged to disclose to his physician any and all information which may be useful in the diagnosis and treatment of the patient.

Medical insurance is a pervasive phenomenon in modern society. A person's willingness and ability to be treated by a physician may often depend on the existence and extent of medical insurance.

■ A patient who must turn over his medical records to his insurer in order to obtain payment or reimbursement of his medical expenses might refrain from either disclosing to a physician all relevant information, or even consulting a physician at all, if a third party could obtain the records from the insurer. The potential effect of disclosure to a third party on the physician patient relationship would be to discourage rather than encourage proper medical treatment. Because the policy behind the statute is to promote health care, implication of a waiver by Gonzenbach would be contrary to public policy and the intent of the statute.

If a waiver of the physician patient privilege were to be implied each time a patient authorized the custodian of medical records to release them to a medical insurer, the privilege would be rendered almost meaningless in today's society. The vast majority of individuals who receive treatment by doctors or at hospitals rely on insurance for payment of all or a large portion of the cost.

Because this court holds that Gonzenbach has not waived the physician patient privilege, it is unnecessary to discuss whether he may assert an insurer insured privilege to prevent further disclosure of information conveyed to State Farm. Cf. *State ex rel. Cain v. Barker, supra.*

The preliminary writ of prohibition is made absolute with directions to respondent to grant relator's motion to quash the subpoenas duces tecum on deposition issued to Blue Cross and State Farm.

It is so ordered.

SATZ, P.J., and GAERTNER, J., concur.