**STATE of Missouri, ex rel., SOUTH-WESTERN BELL PUBLICATIONS, Relators,**

v.

**Honorable Brendan RYAN, Respondent.**

No. 54519.

Missouri Court of Appeals, Eastern District, Division Five.

July 26, 1988.

Raymond R. Fournie, Shepherd, Sandberg, & Phoenix, Debra Ann Carlson–Wood, Shepherd, Sandberg, & Phoenix, St. Louis, for appellant.

Thomas Jeffrey Horn, St. Louis, Richard K. Coffin, Michael R. Torrence, Phelps, Coffin & Andreatta, Clayton, for respondent.

CARL R. GAERTNER, Judge.

Relators seek a writ of mandamus ordering respondent to compel discovery from plaintiff's accountant. The trial court denied relators' motion to compel based on the accountant-client privilege, § 326.151 RSMo 1986. Our preliminary order in mandamus is hereby made permanent.

Plaintiff, Erker Brothers Optical Company, filed suit against Southwestern Bell Telephone Company, Southwestern Bell Publications Incorporated, and Ad–Vent Information Services Incorporated. Count I, a tort claim, alleged that defendants intentionally disclosed confidential information concerning plaintiff to plaintiff's competitors. Count II alleged that defendants breached their contract with plaintiff by disclosing confidential information about plaintiff's company to third parties. Erker seeks actual damages in the amount of

$3,000,000 and punitive damages in the amount of $10,000,000.

The allegations of Erker's fourth amended petition are devoid of any specifics regarding the nature of the claimed damages. Rather than filing a motion for more definite statement, relators ascertained through pre-trial discovery that Erker's evidence of actual damages would consist of an expert witness's calculations intended to show a loss of profits and a loss of Erker's share of the market beginning in 1983 and extending into the 1990's. Erker was compelled by order of court to furnish relators with tax returns, financial statements, and accountant's review reports which had been prepared by, or under the direction of, Hal Stone, a partner of the accounting firm of Baird, Kurtz, and Dobson. When relators attempted to take Stone's deposition, Erker's attorney instructed him not to answer any questions pertaining to its tax returns, financial reports, or financial condition. Pursuant to section 326.151 RSMo 1986, the respondent judge overruled relators' motion to compel Erker's to instruct its accountant to testify regarding its financial information and to produce documents related to or used in the preparation of tax returns and financial statements. Relators then filed this petition for Writ of Mandamus and we issued our Preliminary Order.

Section 326.151 RSMo 1986 provides:

*Communications of client to accountant or employee privileged-shall not be examined thereon without client's consent* -A certified public accountant or a public accountant shall not be examined by judicial process or proceedings without the consent of his client as to any communication made by the client to him in person or through the media of books of account and financial records, or his advice, reports or working papers given or made thereon in the course of professional employment, nor shall a secretary, stenographer, clerk or assistant of a certified public accountant, or a public accountant, be examined, without the consent of the client concerned, concerning any fact the knowledge of which he has acquired in his capacity. *This privilege shall exist in all cases except when material to the defense of an action against an accountant.* (Emphasis added)

Relators argue that, by seeking damages for loss of profits, Erker has voluntarily placed in issue its past, present, and future financial condition thereby implicitly waiving the statutory privilege in the same fashion as a personal injury plaintiff is held to have waived the physician-patient privilege. *State ex rel. McNutt v. Keet*, 432 S.W.2d 597 (Mo. banc 1968). On behalf of respondent, Erker contends that the *McNutt* principle is inapplicable to the accountant's privilege statute because it provides for waiver of the privilege exclusively in actions against an accountant. We reject Erker's contention as we perceive it to be predicated upon a misreading of the statute and because the construction plaintiff places upon the statutory exception runs contrary to the established policy of full and open pre-trial discovery in a spirit of fundamental fairness.

██ No accountant-client privilege existed at common law. In Missouri the privilege was created by the 1967 legislative enactment of section 326.151. A claim of privilege, because it presents an exception to the usual rules of evidence and may constitute an impediment to the discovery of truth, is subject to careful scrutiny. *State ex rel. Chandra v. Sprinkle*, 678 S.W.2d 804, 807 (Mo. banc 1984). When viewed with careful scrutiny, it is apparent that Erker's argument fails to distinguish between a statutory exception and a waiver of privilege. Section 326.151 provides for both: waiver by "consent of his client" and exception "when material to the defense of an action against an accountant." The exception is invoked by the nature of the litigation and is entirely independent of the client's conduct. If the communication of information between the accountant and the client is material to the defense of an action against an accountant, it matters not whether the client is a party to or has an interest in the action; the privilege simply does not exist and it is irrelevant whether

**32**

the client gives or withholds consent to the disclosure of the information. On the other hand, waiver, the voluntary relinquishment of a known right, is effected by the statements of the client or is implied from his acts. Because the underlying action is not against an accountant, the statutory exception is not involved in this case. Rather, the issue concerns the question of waiver. Does the voluntary commencement of litigation placing in issue Erker's financial condition before and after the alleged wrongdoing amount to an implied consent for its accountant to disclose relevant information?

We perceive no reason why the accountant-client privilege created by section 326.151 and the physician-patient privilege created by section 491.060(5) RSMo 1986 should be accorded different treatment in so far as pre-trial discovery is concerned. In *State ex rel McNutt v. Keet*, 432 S.W.2d at 601–602, the Missouri Supreme Court, after reviewing the history of judicial decisions wherein a patient's various acts were determined to constitute implicit waivers of the physician privilege, concluded that by filing a law suit which places the plaintiff's physical condition in issue, the plaintiff has waived the privilege under section 491.060(5). In reaching this conclusion the court noted that permitting a plaintiff to use the privilege to conceal until trial facts relating to the very issue the plaintiff had originated for submission to judicial inquiry would permit the plaintiff to use the privilege "as 'a shield and a dagger at one and the same time' (which we do not believe the legislature intended)." Id. at 601. This reasoning is equally pertinent to this case where Erker, by seeking damages for past and future loss of profits, has placed its financial "health" in issue.

Seeking to support respondent's order upholding the privilege as to Hal Stone and the documents relating to his accounting services, Erker submits that it has no intention of calling Stone as a witness at trial and therefore, Erker argues, *McNutt* is inapplicable. Erker points out that four days before Stone's scheduled deposition his name was withdrawn from the interrogatory answer listing of expert witnesses.

It has furnished relators, albeit under compulsion of court order, with all the documentation given to its expert witness, Clifford Olson, for his use in calculating lost profits. It has no objection to Stone testifying about any conversation he had with Olson. Therefore, the argument continues, Stone's calculations, and the financial information and data he did not turn over to Olson, can have no bearing upon the issues in this litigation.

We find this argument unpersuasive. The calculation of profit or loss of a commercial enterprise is entirely a function of accounting practices and procedures. The bottom line of a corporation's profit and loss statement is the product of many factors susceptible of innumerable variations from one accounting period to another. One year's profit can appear as another year's loss merely by a change in the method of depreciating assets, establishing a capital reserve account, payment of salaries and bonuses, write-offs of delinquent accounts receivable, use of loss carry-overs, etc. The validity of Olson's calculation of the effect of relators' alleged misconduct upon Erker's profits is inextricably dependent upon a showing of consistency in the accounting practices and procedures used in the before and after calculation of profits. Accordingly, we hold that by instituting this action in which it seeks damages for loss of profits, Erker has waived its privilege under section 326.151. Relators are entitled to depose Hal Stone regarding the information and data he accumulated and the practices and procedures he adopted in preparing tax returns and financial statements and reports for Erker, and to discover the supporting documentation therefor.

■ Mandamus is appropriate to review a trial court's sustension of discovery objections because it is an abuse of discretion to refuse to permit discovery of matters which are relevant to the law suit and reasonably calculated to lead to admissible evidence and which are neither work product nor privileged. *State ex rel. Hudson v. Ginn*, 374 S.W.2d 34 (Mo. banc 1964); *St.*

*Louis Little Rock Hosp., Inc., v. Gaertner,* 682 S.W.2d 146, 148 (Mo.App. 1984).

Accordingly, our preliminary order is made permanent and respondent is directed to vacate his order of March 1, 1988 and to sustain relators' motion to compel.

GRIMM, P.J., and SIMEONE, J., concur.