**STATE of Missouri ex rel. Robert D. HAYTER and Custom Feeders, Inc., Relators,**

v.

**Honorable Stephen K. GRIFFIN, Respondent.**

**No. WD 42054.**

Missouri Court of Appeals, Western District.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1990.

Application to Transfer Denied April 17, 1990.

Gene C. Morris, Kansas City, for relators.

Robert L. Langdon, Carter J. Ross, Lexington, Charles H. Green, III, Higginsville, for respondent.

Before NUGENT, C.J., KENNEDY, J., and SOLBERT M. WASSERSTROM, Senior Judge.

## ORIGINAL PROCEEDING IN PROHIBITION

SOLBERT M. WASSERSTROM, Senior Judge.

In this prohibition proceeding, relators Robert D. Hayter ("Hayter") and his employer Custom Feeders, Inc. ("Custom Feeders") seek to prohibit respondent judge from enforcing an order requiring Hayter to execute an authorization for the release and for Custom Feeders to produce Hayter's medical records. That order was entered in a case pending before respondent judge, in which Hayter and Custom Feeders were defendants in an action for the wrongful death of Tracy Lynn Leamer brought by her parents Mr. and Mrs. Wayne Leamer. Hayter and Custom Feeders are hereinafter sometimes referred to collectively as "defendants," and the Leamers are sometimes referred to as "plaintiffs."

The fatal accident which gave rise to that underlying lawsuit occurred on a highway, when a truck driven by Hayter came into collision with a pick up truck in which Tracy Lynn Leamer was a passenger. Immediately following the accident, Hayter was taken to a hospital in Chillicothe, and from there he was life-flighted to a hospital in Columbia.

Plaintiffs' petition in the underlying litigation alleges that Hayter is a diabetic by reason of which he became unconscious immediately before the accident, and that said diabetic condition was the proximate cause for the accident. Defendants in their joint answer denied those allegations and also pleaded comparative negligence.

Plaintiffs state in their brief before this court and defendants do not deny that depositions taken of Hayter and company representatives show: (1) that Hayter suffers from diabetes requiring insulin for its control; (2) that in 1984, Hayter submitted to a physical examination for the purposes of obtaining a "medical card" as required by federal regulations; (3) that Hayter has received treatment for diabetes from his personal physician in Illinois; (4) that medical records exist on Hayter stemming from his treatment in the Chillicothe and Columbia hospitals; (5) that Hayter had missed at least one week of work at sometime prior to the collision because of his diabetes; and (6) that Hayter's family doctor had told him that due to his diabetic condition he might tire more easily and that he should cut back on working when that occurred.

Following the depositions mentioned, plaintiffs filed a motion to require Custom Feeders to produce Hayter's medical records in its possession and to require Hayter to execute an authorization for plaintiffs to have access to his medical and hospital records. Respondent judge sustained that request. That order is the subject of this prohibition proceeding.

Defendants contend that the records in question are subject to the physician-patient privilege accorded by § 491.060(5) R.S.Mo., 1986. Plaintiffs rejoin that Hayter has waived that privilege by: (1) his pleadings; (2) his answers on deposition; and (3) his furnishing his employer with copies of his medical records.

Before addressing those issues, the propriety of bringing them here by writ of prohibition will be considered. Prohibition is an extraordinary remedy which should not be used when an ordinary appeal will be adequate. The Missouri Supreme Court has cautioned against expanding the writ use to the point where it becomes a form of interlocutory appeal. *Morasch v. Kimberlin*, 654 S.W.2d 889 (Mo. banc 1983).

■ The present circumstances represents one of the unusual and exceptional situations where prohibition does lie. A trial court which threatens to order discovery of medical records entitled to the physician patient privilege acts without jurisdiction or in excess of jurisdiction; and the threatened injury cannot be adequately remedied by appeal, inasmuch as a confidential record once disclosed can never again regain its confidentiality. *State ex rel. D.M. v. Hoester*, 681 S.W.2d 449 (Mo. banc 1984); *State ex rel. Faith Hospital v.*

*Enright,* 706 S.W.2d 852 (Mo. banc 1986); *State ex rel. Williams v. Mauer,* 722 S.W.2d 296 (Mo. banc 1986); *St. Louis Little Rock Hospital v. Gaertner,* 682 S.W.2d 146 (Mo.App.1984); *Enke v. Anderson,* 733 S.W.2d 462 (Mo.App.1987). As stated by Judge Robertson in *Faith Hospital:* "Once the proverbial bell has been rung, its sound can neither be recalled nor subsequently silenced."

The comment by Judge Rendlen on this matter in *State ex rel. D.M. v. Hoester,* 681 S.W.2d 449 (Mo. banc 1984), n. 3 at 450, bears repetition:

It should be noted at the outset that prohibition lies in some instances to prevent judicial violation of statutory inhibitions, though in *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983), we held that violation of a statutory provision by a trial court does not always constitute an act in excess of its jurisdiction. The court's order in the instant case would allow discovery of materials privileged under § 491.060(5) RSMo Cum.Supp.1983. Since § 491.060(5) standing alone operates in part to restrict the power of a trial court in the discovery process, *see State ex rel. Mehle v. Harper,* 643 S.W.2d 643 (Mo.App.1982), it can be said that violation of the statute constitutes an act in excess of jurisdiction. *State ex rel. Collins v. Donelson,* 557 S.W.2d 707 (Mo.App.1977). *See State ex rel. Uregas Service Co., Inc., v. Adams* [364 Mo. 389], 262 S.W.2d 9 (Mo. banc 1953).

Accordingly, under these limited and special circumstances, this prohibition proceeding is proper.

## I.

### The Alleged Waiver by Pleading

A. *The general denial contained in defendants answer.* Plaintiffs' petition alleged that Hayter suffered a diabetic condition which caused the accident. Defendants' answer denied that allegation. Plaintiffs claim that said denial put Hayter's physical condition in issue and constituted a waiver of the physician-patient privilege under the doctrine of *State ex rel.*

*McNutt v. Keet,* 432 S.W.2d 597 (Mo. banc 1968).

*McNutt* and its progeny merely say that a waiver occurs when a plaintiff files suit seeking damages for his personal injury. As stated in *State ex rel. DeGraffenreid v. Keet,* 619 S.W.2d 873, 878 (Mo.App.1981):

The waiver concerned in *McNutt,* supra, pertains only to situations where a party himself (either by petition, counterclaim or otherwise) puts his own physical condition in issue by suing for personal injury damages.

■ That is not the situation here. Hayter does not affirmatively seek any damages for himself. In effect, he merely puts plaintiffs on proof of their claim for damages for the wrongful death of their daughter.

If plaintiffs were correct, Hayter would be forced to a choice between suffering judgment by default or waiving his physician-patient privilege. Forcing that choice would be illogical and unacceptable. *See State ex rel. Gonzenbach v. Eberwein,* 655 S.W.2d 794 (Mo.App.1983).

B. *Invoking the doctrine of comparative negligence.* In their answer, defendants alleged contributory negligence by Tracy Lynn Leamer, by the driver of the pick up truck, and by others unknown, and that "any damages recovered by plaintiffs against these defendants should be reduced by the comparative fault of Tracy Lynn Leamer, Daniel Ray Pollard and such others, and any judgment rendered against defendants or each of them thereby reduced." Plaintiffs claim that said invocation of the doctrine of comparative negligence constitutes an additional waiver of the physician-patient privilege.

■ The pleading of comparative negligence does not seek damages for any injury to Hayter. It is purely defensive. As stated in *State ex rel. Taylor v. Luten,* 710 S.W.2d 906, 907–08 (Mo.App.1986):

We conclude that the averment of comparative negligence is not a claim for affirmative relief and make our writ absolute * * * A defendant who asserts that

the plaintiff was negligent and entitled to recover only on the basis of a comparison between the negligence of the parties remains an involuntary participant in the proceeding.

The invocation of comparative negligence does not bring this case within the doctrine of *McNutt* and similar cases.

The claim of waiver based upon defendants pleadings is denied.

## II.

### *The Alleged Waiver by Hayter's Answers on Deposition*

Although Hayter's deposition has not been made a part of the record in this prohibition proceeding, plaintiffs say in their brief that Hayter testified in answer to questions that he has diabetes, that insulin is necessary for its control, that he was attended by a physician in Illinois, and that he has received certain specified medical advice. Defendants do not challenge that such statements were made on deposition and we take plaintiffs statements in that regard as true.

■ That deposition testimony, however, cannot serve as the basis for waiver. In order for a disclosure by the patient to constitute a waiver, that disclosure must be voluntary. If the testimony is elicited by examination by the opposing party, the cases treat that disclosure as "extorted" and involuntary. *State ex rel. Williams v. Vardeman*, 422 S.W.2d 400 (Mo.App.1967); *State ex rel. DeGraffenreid v. Keet*, 619 S.W.2d 873 (Mo.App.1981).

The claim of waiver based on the answers given on deposition is denied.

## III

### *Waiver of Privilege by reason of Hayter's disclosure of medical records to Custom Feeders*

In their brief, plaintiffs claim that Hayter waived the physician-patient privilege by furnishing his employer Custom Feeders with all of his medical records. Defendants impliedly admit at page 7 of their brief that Hayter did give or permit Cus-

tom Feeders to receive some unspecified medical records. Defendants' position is that such action by Hayter does not constitute a waiver under the decision in *State ex rel. Gonzenbach v. Eberwein*, 655 S.W.2d 794 (Mo.App.1983).

In *Gonzenbach*, the plaintiff sought production of defendant's hospital records and claimed that the defendant had waived the physician-patient privilege by having authorized the release of those records to his medical insurer. The Court of Appeals ruled that plaintiff's acts in releasing the records to his insurer were not so clearly unequivocal and decisive as to demonstrate a purpose to abandon the privilege, but rather were consistent with an intention to reveal the confidential information only to the extent necessary to obtain treatment and later payment or reimbursement for his hospital expenses.

In the present case, there is a strong likelihood that Custom Feeders either itself or through an insurance company is defending on behalf of Hayter as well as itself. If so, *Gonzenbach* could very possibly apply, at least by analogy. The obstacle to disposing of this point on that basis lies in the absence of evidence showing that Custom Feeders is so defending or that Hayter disclosed his medical records as a condition to that protection.

However, defendants suggest a broader principle, the application of which produces the same result. Under established law, an implied waiver of the physician-patient privilege, such as that for which plaintiffs argue here, must meet the test set forth in *Fitzgerald v. Metropolitan Life Insurance Co.*, 149 S.W.2d 389 (Mo.App.1941):

> To make out a case of implied waiver there must be a clear, unequivocal and decisive act showing such purpose, or acts amounting to an estoppel. In other words, the intention to waive must plainly appear or else the acts or conduct relied upon as constituting a waiver must involve some element of estoppel [citing cases].

■ The record here shows no unequivocal act by Hayter meeting that standard. There is no evidence to show what medical

records Hayter disclosed or when or under what circumstances such disclosure occurred. So far as the record here is concerned, the only records disclosed may have related solely to the 1984 examination. For reasons set forth in Section V of this opinion, those 1984 records are not privileged, and that disclosure could not be the basis for inferring an implied waiver of other medical records which are privileged.

The claim of waiver based upon disclosure by Hayter to Custom Feeders is denied. This ruling however shall not constitute a bar to plaintiffs renewing their motion for production in the trial court if they believe that they have evidence of unequivocal acts by Hayter sufficient from which a waiver can be inferred under the rules set forth in the *Fitzgerald* opinion, *supra*.

### IV.

*Discretion of Respondent Judge*

■ Plaintiffs cite a number of cases holding that an appellate court should give considerable deference to the discretion of a trial judge in prohibition proceedings involving questions of discovery. Those cases are not applicable here, because the questions for decision concern matters of law which are not within the sphere of respondent's discretion. *Robbins v. Jewish Hospital of St. Louis,* 663 S.W.2d 341 (Mo. App.1983).

### V.

*Privilege as Extending to the 1984 Physical Examination*

For reasons stated above, the arguments advanced by plaintiffs in opposition to the writ of prohibition must be rejected. That however does not end the inquiry. Even in an ordinary appeal, the appellate court is to affirm the trial court regardless of the reason given by the trial court, if the result can be sustained on any ground. *Roberts Fertilizer, Inc. v. Steinmeier,* 748 S.W.2d 883 (Mo.App.1988), *Morgan v. Morgan,* 755 S.W.2d 737 (Mo.App.1988). That rule is even more true in a prohibition case, where the issuance of the writ is discretionary and depends upon the dictates of justice.

We therefore consider a ground upon which a portion of respondent's order may be sustained, even though not argued by plaintiffs. The portion of the order just referred to is that part which requires production of an examination made in 1984, to which Hayter submitted in order to obtain a "medical card" required by federal regulations.

Plaintiffs allege in their petition that Hayter was unqualified by reason of diabetes to operate commercial vehicles under the Motor Carriers Safety Regulations issued by the Federal Highway Authority, Department of Transportation, 49 C.F.R. § 391.41(b)(3). That regulation declares a commercial driver disqualified if he has an established medical history or clinical diagnosis of diabetes melitus currently requiring insulin for control. § 391.43. The regulation further requires a physical examination of the driver, with a prescribed set of findings to be made by the examining physician, including findings concerning diabetes. Those findings must be dated and signed by the physician. If the driver physically qualifies, the medical examiner is also to complete a certificate in prescribed form and deliver one copy to the driver and one copy to the motor carrier which employs him.

Plaintiffs state in oral argument that no certificate (referred to by them as a "medical card") as required by the federal regulations has ever been issued to Hayter, but that he did take an examination for that purpose in 1984. The medical records of that examination and the findings (which plaintiffs refer to as the "information sheet") required by the regulations is a part of what is sought by plaintiffs' motion to produce.

■ The physician-patient privilege extends only to information acquired by the physician for the purposes of prescribing and treatment. The purpose of § 491.060(5) is summarized by *DeWitt* "Privileged Communications between Physician and Patient" p. 104 as follows:

As a general rule, the relationship of physician and patient does not exist un-

less the physician's consultation with, or attendance upon, the prospective patient is with a view to protective, alleviative, or curative treatment * * * There is no privilege as to information acquired by a physician through the physical or mental examination of a person unless it is made in contemplation of, and as preparation for, medical care and treatment; hence, if the physician's examination of, or conference with, the person is for a purpose other than prescribing or doing any act for him in the way of medical care or treatment, the physician is not disqualified as a witness and may disclose any information so acquired concerning such person, since the relation of physician and patient does not exist under such circumstances.

The Missouri cases follow that rule: *Green v. Terminal R. Association,* 211 Mo. 18, 109 S.W. 715 (Mo.1908); *Bouligny v. Metropolitan Life Insurance Co.,* 133 S.W.2d 1094 (Mo.App.1939); *Schaefer v. Lowell–Krekeler Grocery Co.,* 49 S.W.2d 209 (Mo. App.1932); *State v. Lewis,* 735 S.W.2d 183 (Mo.App.1987). Applying that rule in a situation rather close to the present case, *Woods v. National Aid Life Association,* 87 S.W.2d 698 (Mo.App.1935), held that a medical certificate of disability given for the purpose of escaping payment of poll tax or working on the highway was not privileged, because the physician had not been consulted for treatment. *See also State v. Lassieur,* 242 S.W. 900 (Mo.1922), holding that a communication to a physician in order to enable him to report a birth certificate to the bureau of vital statistics was not privileged.

■ The 1984 examination was not for the purpose of prescription or treatment, but rather for the purpose of meeting the federal regulations. The records pertaining to that examination are therefore not within the physician-patient privilege. To this extent, the respondent judge was correct in ordering production.

### Conclusion

The preliminary writ of prohibition is made absolute, except as to the production of medical records pertaining to the 1984 physical examination for purposes of meeting the federal regulations. In the latter respect, the preliminary writ is quashed.

All concur.