**STATE of Missouri, ex rel., Barbara J. McBRIDE, Relator,**

v.

**The Honorable David DALTON, Judge of the Circuit Court of St. Charles County, Missouri, Respondent.**

No. 61968.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Aug. 4, 1992.

John A. Michener, David C. Knieriem, Evans & Dixon, St. Louis, for relator.

Richard K. Zerr, Eric J. Wulff, St. Charles, for respondent.

KAROHL, Chief Judge.

There is now pending in the Circuit Court of St. Charles County the civil case of Michael Baird v. Barbara J. McBride, Cause No. CV191–3875CC. The petition states a cause of action for negligence. Baird claims personal injury and property damage sustained in a collision of motor vehicles, one operated by relator. Plaintiff Baird was a passenger in the other. McBride, relator in this proceeding for prohibition, filed a general denial, no counterclaim. Respondent circuit judge directed McBride to "execute [the enclosed] medical records authorization" which was attached to interrogatories submitted by plaintiff

Baird. Relator petitioned for a writ of prohibition on respondent claiming the order "violates the physician/patient privilege as outlined in Section 491.060 [RSMo 1986]." We found this was properly a matter for prohibition and issued a provisional writ. *State ex rel. Hayter v. Griffin,* 785 S.W.2d 590, 592–3 (Mo.App.1990). The issue of whether the enforcement of discovery order is in excess of jurisdiction is a question of law. *Id.* at 595.

Baird opposed the writ on three grounds: (1) the trial court is vested with broad discretion in administering rules of discovery; (2) the enforcement order is not protected by § 491.060; and (3) "circumstances, facts, and interest[s] of justice determine the applicability of the physician/patient privilege to a particular situation."

The facts would not support a finding relator expressly or as a matter of law waived the physician/patient privilege. Neither respondent nor Baird contends there has been a waiver. He argues defendant-relator's medical information is relevant because relator testified in her deposition she was using potent prescribed medications at the time of the casualty and did not recall the events. Baird believes the medical records may reveal relator was advised by a physician not to drive a motor vehicle because of her ailment(s) and the medication and this may enhance damages. However, where a privilege is invoked relevance is not the critical issue. The underlying purpose and benefits of the privilege are the proper area of inquiry. There is no need to claim the privilege on matters which are not discoverable.

■ Respondent's first contention is faulty because application of the privilege is a matter of law, not judicial discretion. *State ex rel. Hayter,* 785 S.W.2d at 595.

The second argument is no longer viable because it is directed at parts of the order of the trial court which pertain to matters relator now concedes are discoverable and not covered by the privilege. The scope of our writ is limited only to the direction to produce a signed medical authorization which would permit plaintiff Baird or his representative to consult with relator's physician(s). It is agreed respondent circuit judge may require relator to answer all other interrogatories relating to relator's medical condition, *i.e.,* names and addresses of doctors consulted within a stated period.

■ The final argument seems to be a contention the privilege is not absolute and may be ignored under some circumstances to aid the purposes of discovery. In *Klinge v. Lutheran Medical Center of St. Louis,* 518 S.W.2d 157, 164 (Mo.App.1974) we discussed some cases where the privilege has been held not to apply. None of these cases dilute the privilege for a defendant in a negligence case who does not plead facts which create an issue of defendant's medical condition. Furthermore, this argument is patently without merit where relator does not place her medical condition in issue and neither an express or implied waiver occurred, particularly where it is agreed there was no waiver. On these facts § 491.060 RSMo 1986 applies as a matter of law. The purposes for the privilege support its application. There is no legal justification to deny the claim of privilege. The statute prevails over respondent's appeal to "justice" as a reason to deny relator her statutory privilege to keep secret facts regarding her medical care.

Our preliminary writ is now made absolute, but only for the order that relator provide a medical authorization to Michael Baird.

SMITH and CRANE, JJ., concur.