**STATE of Missouri ex rel. Christopher ROWLAND and Stephanie Rowland, Relators,**

v.

**The Honorable Daniel O'TOOLE, Judge, 21st Judicial Circuit, St. Louis County, Missouri, Respondent.**

No. 66174.

Missouri Court of Appeals, Eastern District, Writ Division Five.

Sept. 20, 1994.

James P. Lemonds, Matthew R. Salamon,
Holtkamp, Liese, Beckmeier & Childress,
P.C., St. Louis, for relators.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, David L. Thornton, Asst. Atty.
Gen., St. Louis, for respondent.

CRANE, Presiding Judge.

Relators, Christopher and Stephanie Rowland, seek a writ of mandamus to set aside the order of respondent, the Honorable Daniel O'Toole, denying their Motion to Compel Response to Request for Production of Documents in an underlying civil action brought by juvenile and his parents (hereinafter collectively referred to as plaintiffs). Relators requested that the plaintiffs execute a juvenile court records release authorization for the juvenile plaintiff's juvenile records relating to one of the incidents on which the underlying civil suit is based. The trial court issued a memorandum order stating, "Defendants' motion to compel production of juvenile files denied." We now make our preliminary writ of mandamus permanent because the plaintiff juvenile waived his privilege of confidentiality as to the reports and records of the juvenile court created by § 211.271 RSMo (1986) by bringing a civil action placing his juvenile arrest and juvenile court proceedings at issue.

Plaintiffs filed the underlying action alleging damages for assault, battery, false imprisonment, and slander against Relators. In their third amended petition plaintiffs alleged that they were damaged because relators' minor child identified the juvenile plaintiff as the person who burglarized relators' home. As a result the juvenile plaintiff was arrested and juvenile court proceedings were instituted. The charges were subsequently dismissed. In response to relators' interrogatories, plaintiffs listed the arresting officer and juvenile court officer in the juvenile case as witnesses in their action against relators. Relators requested that plaintiffs produce a signed juvenile records release authorization form giving relators access to the juvenile court records of the case on which plaintiffs' civil action is based. Upon their refusal to provide such a form, relators filed a motion to compel. Respondent denied the motion.

■ Relators petition this court for a writ of mandamus. Mandamus is appropriate to review a trial court's denial of discovery because a trial court has no discretion to deny discovery of matters which are relevant to the lawsuit and are reasonably calculated to lead to the discovery of admissible evidence when the matters are neither work product nor privileged. *State ex rel. Southwestern Bell Publications v. Ryan,* 754 S.W.2d 30, 32–33 (Mo.App.1988).

■ The underlying civil action seeks damages as a result of the juvenile court proceeding. Some or all records of that proceeding may therefore be relevant. If relevant, the question becomes whether they are privileged. Where a privilege is invoked, relevance is not the critical issue. *State ex rel. McBride v. Dalton,* 834 S.W.2d 890, 891 (Mo.App.1992). "The underlying purpose and benefits of the privilege are the proper area of inquiry." *Id.*

■ Respondent contends the records are privileged under Section 211.271.3 RSMo (1986) which provides:

After a child is taken into custody as provided in section 211.131, all admissions, confessions, and statements by the child to the juvenile officer and juvenile court personnel and all evidence given in cases under this chapter, as well as all reports and records of the juvenile court, are not lawful or proper evidence against the child and shall not be used for any purpose whatsoever in any proceeding, civil or criminal, other than proceedings under this chapter.

"[U]se of § 211.271(3) and protection thereunder are privileges exclusively accorded the juvenile." *Smith v. Harold's Supermarket, Inc.,* 685 S.W.2d 859, 864 (Mo.App.1984). The privilege "does not extend to any other person or proceeding which is neither occasioned by or brought against the juvenile." *Id.* at 863. Thus it is clear the privilege is that of the juvenile plaintiff and not of the plaintiff parents.

■ The statutory protection of § 211.-271.3 applies only to the use of a child's statements and court records and reports against the child. Statements made by others in a juvenile court proceeding and court records and reports may be used against others. *Id. State v. Mahurin,* 799 S.W.2d 840, 843–44 (Mo. banc 1990), *cert. denied,* — U.S. ——, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991). Thus, those juvenile court records and reports which do not relate to the juve-

nile's own statements against himself are not subject to the privilege.

The overall purpose of Chapter 211, inclusive of § 211.271.3, is to protect and safeguard the best interests of the juvenile. *Harold's Supermarket,* 685 S.W.2d at 863. The underlying policy and purpose of § 211.-271.3 is to permit and encourage discussion and consultation between the juvenile and the juvenile officer in a relaxed, nonadversary and confidential setting. *State v. Jones,* 571 S.W.2d 741, 744 (Mo.App.1978); *State v. Ross,* 516 S.W.2d 311, 320 (Mo.App.1974).

If, however, a juvenile places his juvenile arrest and juvenile court proceedings in issue by voluntarily filing suit against the victims and complaining witnesses in that case, the question becomes whether the juvenile has waived his privilege. It is well-established that a patient waives the physician-patient privilege when that patient files a lawsuit putting the patient's physical condition in issue. *State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 601–02 (Mo. banc 1968). Likewise, the accountant-client and attorney-client privileges may be waived where the client places the subject matter of the privileged communication in issue. *Southwestern Bell Publications,* 754 S.W.2d at 32; *Sappington v. Miller,* 821 S.W.2d 901, 904 (Mo. App.1992). The rationale of these cases is that "permitting a plaintiff to use the privilege to conceal until trial facts relating to the very issue the plaintiff had originated for submission to judicial inquiry would permit the plaintiff to use the privilege 'as "a shield and a dagger at one and the same time" (which we do not believe the legislature intended).'" *Southwestern Bell,* 754 S.W.2d at 32 (quoting *McNutt,* 432 S.W.2d at 601).

For the same reasons we do not believe the legislature intended to allow a juvenile to place his juvenile arrest and detention in issue in a civil case and then prevent discovery of the records pertaining to those events by invoking the privilege created by § 211.271.3. A juvenile's right of confidentiality as to juvenile court records is a "qualified" and not an "absolute" privilege. *Daniels by Glass v. Wal–Mart Stores, Inc.,* 634 So.2d 88, 93 (Miss.1993); *Ex parte State Farm Fire & Cas. Co.,* 529 So.2d 975, 976 (Ala.1988). A statutory privilege relating to confidentiality of juvenile delinquency proceedings, as well as constitutional privileges generally, may be waived. *People v. Johnson,* 90 Misc.2d 777, 395 N.Y.S.2d 885, 887 (N.Y.Sup.Ct.1977). By voluntarily filing this civil suit, the juvenile plaintiff waived the protection of the statute. A waiver under these circumstances does not thwart the overall purpose and intent of chapter 211. The records are properly discoverable in the civil action to the extent they are relevant.

Relators ask that the trial court be ordered to order plaintiffs to execute an authorization releasing the records. Because the records are in the custody of the court and because by filing the civil action the plaintiff juvenile has waived the confidentiality of these records, this step is not necessary. The trial court can directly order the records produced for inspection. Section 211.321.1 RSMo (Cum.Supp.1994) provides:

Records of juvenile court proceedings as well as all information obtained and social records prepared in the discharge of official duty for the court shall not be open to inspection or their contents disclosed, except by order of the court to persons having a legitimate interest therein, . . . .

However, because these are juvenile court records, precautions must be taken. In ordering the records produced to relators' attorneys for inspection, respondent may decide to first review the records *in camera* to determine which records are relevant to the issues raised in the pleadings. Only the relevant records should be made available to relators' attorneys for inspection and use subject to such protective orders as may be required to prevent disclosure of said records beyond what is necessary to defend against the pending claims.

Accordingly, our preliminary order is made permanent and respondent is directed to vacate his order of May 18, 1994 denying the Motion to Compel Response to Request for Production of Documents and to enter such orders as are necessary to allow relators to examine the relevant juvenile records under

such protective orders as the nature of those records requires.

KAROHL and AHRENS, JJ., concur.