**STATE of Missouri, ex rel., Susan McGUIRE, Relator,**

v.

**The Honorable Ellsworth CUNDIFF, Circuit Judge, St. Charles County, Respondent.**

No. ED 77007.

Missouri Court of Appeals, Eastern District, Writ Division One.

Nov. 23, 1999.

Arthur S. Margulis, Dorothy D. Danforth, Clayton, relator.

James Gregory, Benicia Baker–Livorsi, St. Charles, for respondent.

Richard B. Teitelman, Presiding Judge

Relator filed a Petition for Writ of Prohibition along with Suggestions in Support and exhibits alleging that Respondent erroneously seeks to compel Relator to provide the names and addresses of her sexual offender group therapy clients to the State of Missouri pursuant to a subpoena.

Respondent has filed Suggestions in Opposition.

The facts and law are clear. In the interest of justice, as permitted by Rule 84.24, we dispensed with a preliminary order, answer, further briefing and oral argument and issued a peremptory writ of prohibition. This opinion follows.

## Background

In the underlying proceeding, one of Relator's clients attended a sexual offender counseling session offered by Relator the evening before allegedly committing a rape. Relator is a licensed professional counselor who treats, in large part, sexual offenders and aggressive predators. Many, though not all, of Relator's clients are in therapy as a condition of their probation or parole. Relator conducts group therapy for all of her clients and her sessions may include clients with a criminal history as well as clients with no criminal history.

On October 5, 1999, Relator was served with a subpoena ordering her to appear at the Office of the Prosecuting Attorney of St. Charles County and to bring with her the "names and addresses of those individuals attending [her] counseling session or other sessions commencing subsequent to 6:00 p.m. on Wednesday March 10, 1999." Relator subsequently filed a Motion to Quash premised on the licensed professional counselor privileged communication statute, Section 337.540, RSMo.1994.

On October 26, 1999, Respondent heard Relator's Motion to Quash and denied the motion. Relator's compliance with the subpoena was stayed pending the outcome of this Petition for Writ of Prohibition, which was granted on November 5, 1999, pursuant to Rule 84.24(*l* ).

## Discussion

Relator argues that the information which is being compelled to be discovered by Respondent is privileged under Section 337.540, RSMo, and that her clients have

not waived the privilege. Additionally, she argues that the information which is being compelled is not "relevant to the subject matter involved in the pending action" as required by Rule 56.01.

Respondent argues that the defendant in the criminal action has raised an alibi defense in which he claims to have gone out with another member of the sexual offender counseling group after the session ended and that the defendant did not provide the State with the name of the person. However, in the defendant's Notice of Intent to Rely on the Defense of Alibi he raised an alibi defense claiming that he spent the night at his girlfriend's home and listed his girlfriend and three of her relatives as alibi witnesses. Additionally, counsel for the defendant took the Relator's position at the time of her Motion to Quash hearing on October 26, 1999, further indicating that the defendant does not intend to rely on an alibi defense involving a member of the group therapy session.

■ Respondent has not established that the information sought is necessary in the underlying case so that the statutory privilege asserted by Relator should be abrogated. Prohibition is a proper means of contesting the enforcement of discovery of privileged information. *Gonzenbach v. Eberwein*, 655 S.W.2d 794, 795 (Mo.App. E.D.1983). Accordingly, we issue a peremptory writ of prohibition directing Respondent to quash the subpoena in Cause No. CR199–875–FX compelling Relator to reveal the names and addresses of her clients who attended her group sexual offender therapy session on March 10, 1999, or at any other time.

LAWRENCE G. CRAHAN, J., and PAUL J. SIMON, J., concur.