Alexander Del Giorno, J.
This is a motion for an order for an examination before trial of the State of New York, pursuant to CPLR 3102 et seq. and subdivision 2 of section 17 of the Court of Claims Act.
The claim is for personal injuries resulting from an assault upon the person of the deceased Q-eorge D. Hughes, an inmate of Rockland State Hospital, by another inmate of that hospital, on September 12, 1961. The said Hughes died on March 25, 1963.
In her moving papers, claimant has designated for examination nine individual employees and five groups of employees. The general rule, however, is that it is sufficient if there are produced for examination those officers or employees having knowledge of the facts under inquiry, and the choice of witnesses does not rest in the first instance with the examining party. (United States Overseas Airlines v. Cox, 283 App. Div. 31; New York Tel. Co. v. City of New York, 248 App. Div. 474.) Further, it is enough if defendant produces one or more of its officers or employees having knowledge of the facts. If, after an examination of the person or persons produced, it shall appear that a further examination of any specific person or persons is necessary, application may be made to the court for such further examination. (Hansen v. City of New York, 283 App. Div. 891.)
Among those persons sought to be examined are two certified inmates of the hospital, one of whom is the alleged assailant of the claimant’s intestate. In support of this application, claimant cites Redmond v. State of New York (283 App. Div. 841). In that case, however, the persons sought to be examined were inmates of a State penal institution and were presumably mentally competent. This court cannot permit the examination of either of these two inmates of the hospital unless it is advised by a psychiatrist that they are competent to testify and that their production as witnesses would not be harmful to their recovery as mental patients.
Claimant seeks, in item 6, information as to the “ propensities of the inmate, Antonio Portalatin ”, the alleged assailant, and requests the production of all hospital records of Antonio Portalatin relating to his history and treatment. Entries in the hospital records referring to his propensities, diagnosis and prognosis are of a confidential nature and disclosure may not be had because of the privilege existing between physician and patient. (Boykin v. State of New York, 13 Misc 2d 1037, affd. 7 A D 2d 819; Torres v. State of New York, 14 Misc 2d 246.) This privilege is preserved by CPLR 3101, subd. (b) *570 even though the Civil Practice Law and Rules have otherwise enlarged the scope of the provisions of section 296 of the former Civil Practice Act. Physicians and nnrses, therefore, may not be examined as to the patients’ propensities, as such examination would require more than a disclosure of matters set forth in the hospital record. They may be examined as to information contained in the hospital record gained by observation and not through professional knowledge. (Montgomery County Trust Co. v. State of New York, 283 App. Div. 1008.)
The State opposes this motion for general discovery and inspection, upon the ground that this court has not the power to order it, and that only limited discovery and inspection within the purview of .section 296 of the former Civil Practice Act is authorized. This position no longer is tenable. (Di Santo v. State of New York, 41 Misc 2d 601.)
Accordingly, the motion is granted as to items 1, 2, 3, 4, 5, 7, 8, 9, and 10. With respect to item 6, the motion is denied insofar as it includes testimony relating to the propensities of the inmate Antonio Portalatin. The State is directed to produce for examination one or more of its officers or employees having knowledge of the facts and to produce its books, papers and records relating to decedent George D. Hughes; it is directed also to produce its books, papers and records which may be inspected and discovered as to matters relating to the history and treatment of the inmate Antonio Portalatin, but not as to entries therein of professional opinions referring to the patient’s propensities, diagnosis and prognosis. (Torres v. State of New York, supra; Shaw v. State of New York, 23 Misc 2d 125.)