James LERITZ, Defendant ad Litem
for Dean Smith, D.O., deceased,
Relator/Defendant,

v.

Hon. Jack L. KOEHR, Respondent.

No. 62708.

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

Jan. 12, 1993.

Robert E. Keaney, Christiana Rush, St. Louis, for relator/defendant.

Matthew J. Padberg, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

This is prohibition.

Respondent circuit judge denied relator's motion to quash notices of depositions of custodians of certain medical records. Relator seeks our writ prohibiting respondent from enforcing his order and commanding the vacation thereof. We issued a preliminary writ which we now make permanent.

The underlying action is a suit for damages resulting from alleged medical malpractice. The allegedly negligent physician died prior to the commencement of the litigation, and relator was named as defendant ad litem pursuant to § 537.021.1(2) RSMo.1986. Plaintiffs propounded several interrogatories to relator who responded to each interrogatory "I do not know the answer thereto." Counsel for defendant ad litem then forwarded to plaintiffs' counsel "Answers By Defendant's Counsel, Not Under Oath, To Plaintiff's Interrogatories Propounded To Defendant, Made For Purposes Of Facilitating The Litigation." In these answers relator's counsel advised that the deceased doctor on the day after plaintiff's surgery was himself admitted to a hospital suffering from the effects of multiple sclerosis. The answer included the names of physicians who treated the deceased doctor and hospitals in which he had received treatment. Plaintiffs' attorney then served notices to take depositions of the custodians of the records of these doctors and hospitals. Relator moved to quash these notices claiming the disclosure of the records would violate the physician-patient privilege. Respondent overruled this motion "for the reason that the court rules any medical privilege between the deceased Dr. Dean Smith and the various healthcare providers does not survive the death of the patient." Relator then filed his application for our writ prohibiting the enforcement of respondent's order and commanding the vacation thereof.

Prohibition and mandamus are each appropriate means of reviewing a trial court order pertaining to discovery of allegedly privileged information. *St. Louis Little Rock Hosp. v. Gaertner*, 682 S.W.2d 146, 148 (Mo.App.1984).

Section 491.060(5) RSMo.1986 provides that a physician is incompetent to testify concerning any information he acquired from any patient while attending that patient in a professional manner. The policy behind the statute is to protect the patient by allowing him to make full disclosure without fear that the information will be used against him. *Klinge v. Lutheran Medical Center*, 518 S.W.2d 157, 164 (Mo. App.1975). The privilege is statutory in nature and may only be modified, expanded or changed by the legislature. *State v. Beatty*, 770 S.W.2d 387, 391 (Mo.App.1989).

There is no dispute that the physician-patient privilege includes medical records. Our Supreme Court declined to change "the well established rule" that Section 491.060(5) is applicable to medical records. *State ex rel. Benoit v. Randall*, 431 S.W.2d 107, 109 (Mo. banc 1968).

It is also well settled that the physician-patient privilege survives the patient's death. *Thompson v. Ish*, 99 Mo. 160, 12 S.W. 510, 514 (1889), holds that those who represent the patient after his death could waive the privilege and that the privilege continues indefinitely. Missouri courts have repeatedly held that the personal representative may waive the deceased's physician-patient privilege. See *Fitzgerald v. Metropolitan Life Insurance Co.*, 149 S.W.2d 389 (Mo.App.1941); *Rush v. Metropolitan Life Insurance Co.*, 63 S.W.2d 453 (Mo.App.1933); *Marx v. Parks*, 39 S.W.2d 570 (Mo.App.1931).

Before this court respondent does not challenge the survival of the privilege after death. Rather, he argues that a defendant ad litem is not the proper party to

assert the privilege. This argument places the proverbial cart before the mythical horse. The privilege exists by virtue of the statute. Section 491.060(5) renders the healthcare provider incompetent to testify concerning information necessary for the patient's treatment. This incompetency exists unless waived. *State ex rel. Gozenbach v. Eberwein*, 655 S.W.2d 794, 796 (Mo.App.1983). Thus, the question of who has a right to assert the privilege on behalf of a deceased person does not arise. In a proper case, the question of who has the power to waive the privilege of a deceased person may be of some importance. However, no suggestion of waiver is asserted in this case.

We are not unmindful of the consequences of our decision upon the underlying lawsuit. We also acknowledge that the physician-patient privilege has been the subject of severe criticism. *See,* Comment, *The Physician–Patient Privilege,* 14 Mo. L.Rev. 277 (1949). Nevertheless, it has been a matter of public policy in Missouri since first enacted by the General Assembly in 1835. We are constrained to follow the myriad decisions upholding the confidentiality of medical records and conclude that respondent acted in excess of his jurisdiction in overruling relator's motion to quash the notices of deposition. *See State ex rel. Hayter v. Griffin,* 785 S.W.2d 590, 592 (Mo.App.1990).

Accordingly, our preliminary order prohibiting the enforcement of respondent's order of September 15, 1992, is now made permanent.

SMITH and CRAHAN, JJ., concur.