**STATE of Missouri ex rel.
C.J.V., Relator,**

v.

**The Honorable Michael T. JAMISON,
Judge, Circuit Court, St. Louis
County, Missouri, Respondent.**

No. 73917.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

July 31, 1998.

Alan E. Freed, Daniel P. Card, II, Paule, Camazine & Blumenthal, St. Louis, for relator.

Michelle S. House–Connaghan, Jeffrey T. McPherson, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for respondent.

GRIMM, Presiding Judge.

This is prohibition. Husband sought to discover his wife's medical records from a hospital and a treatment center related to treatment of alcoholism. Both the hospital and treatment center refused, claiming the records were confidential under federal regulations. Respondent judge granted a motion to compel production. At wife's request, we granted a preliminary order in prohibition, which we now make permanent.

## I. Background

The underlying action involves an amended three-count petition. One count seeks a dissolution of marriage, another seeks an annulment, and the third seeks a partition of real estate. Husband's dissolution count alleges, among other things, that he and wife were married on December 6, 1991 and separated on April 4, 1997; they do not have any children. He also alleges their marriage is irretrievably broken.

His annulment count alleges, among other things, that his consent to marry wife was procured by fraud. It states wife was:

at the time of marriage and prior, addicted to the use of alcohol, disabled and incapacitated by her use of alcohol, and that her addiction to alcohol effectively prevented her from parenting children, performing her duties to [husband] as a wife, from securing and keeping gainful employment and from controlling her own behavior.

The petition further alleges that, prior to their marriage, wife falsely led husband to believe she was not an alcoholic and that her drinking was within her control.

On December 29, 1997, husband served a notice of deposition and subpoena duces tecum on the Custodian of Records for Christian Hospital Northwest in St. Louis. That subpoena sought the production of:

[m]edical records of [wife] from the past six years. The records are to include, but not be limited to, those regarding her treatment at the Recovery Center, correspondence, test results, case notes, admitting forms and notes, psychological and psychiatric test results and notes, interview notes and case history forms.

On that same day, he also served a notice of deposition and subpoena duces tecum on the Custodian of Records for Valley Hope Association in Boonville. That subpoena sought:

[m]edical records of [wife] from the past six years. The records are to include, but not be limited to, those regarding her treatment for substance abuse, counseling, therapy and andy (sic) correspondence, test results, case notes, admitting forms and notes, psychological and psychiatric test results and notes, interview notes and case history forms.

By letter, each deponent informed husband that federal confidentiality laws and regulations prevented their release, absent wife's consent or a court order. Each letter referred to 42 C.F.R. Part 2.

Husband then filed a motion to compel production of the documents, or, alternatively, to compel wife to execute releases of the requested information. He alleged that, in a deposition, wife denied that she was addicted to alcohol before the marriage but admitted she was addicted during the marriage. Moreover, she admitted that she received treatment for chemical dependency at the two centers.

Husband further alleged wife provided information to the centers regarding her alcohol consumption and addiction. He noted that conduct during the marriage is a factor for consideration of equitable distribution of marital property. Therefore, he alleged the documents requested were likely to contain relevant information. Finally, he alleged he had no other means of obtaining the information, and that there was good cause pursuant to 42 C.F.R. Part 2 to order compliance with the subpoenas.

Respondent judge granted husband's motion. He found:

[husband] has no other way of obtaining the requested documents other than through this court's order; the public interest and need for disclosure outweighs the potential injury to [wife]; disclosure would not harm the public interest in attracting people to substance abuse treatment and that [wife] has already offered evidence regarding her treatment in her deposition.

Wife then filed a petition for preliminary writ, seeking to prohibit enforcement of the order. She alleged respondent judge acted in violation of state law, and federal regulations by granting husband's motion to compel compliance with the subpoenas. We granted the preliminary motion. Thereafter, the matter was briefed and argued.

## II. Drug Abuse Patient Records

In her brief, wife argues respondent judge abused his discretion in ordering the release and production of records because they are privileged and their disclosure is prohibited by federal regulations. In addition, she argues the records are confidential under state law.

On the other hand, husband argues respondent judge did not abuse his discretion. He argues the records are not privileged because wife has never presented "any evidence that the records of a physician are involved," or "that the records were created in pursuit of prescription or treatment."

We first consider the federal statute and regulations. 42 U.S.C.A. section 290dd–2[1] and 42 C.F.R. section 2.1(a)[2] both pertain to the confidentiality of drug abuse patient records and restrictions on their disclosure and use. Section 290dd–2(a) provides that "[r]ecords of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse ... treatment ... assisted by ... the United States shall ... be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section."

The subsection (b) is titled "Permitted disclosure." A subsection of (b) permits a court to order disclosure after an applicant shows "good cause." 42 U.S.C.A. section 290dd–2(b)(2)(C). "In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." *Id.*

The legislative history of this confidentiality section is set forth in 1972 U.S.Code Congressional and Administrative News. That history says, in part:

the strictest adherence to the provisions of this section is absolutely essential to the success of all drug abuse prevention programs. *Every patient and former patient must be assured that his right to privacy will be protected.* Without that assurance, fear of public disclosure of drug abuse or of records that will attach for life will discourage thousands from seeking the treatment they must have if this tragic national problem is to be overcome. (emphasis added).

*Id.* at 2072.

■ Although the patient's right to privacy is significant, drug abuse records may be disclosed for "good cause" shown. *See* 42 U.S.C.A. section 290dd–2(b)(2)(C); 42 C.F.R. section 2.64(d). However, there is a strong presumption against disclosing records of this kind. *U.S. v. Cresta*, 825 F.2d 538, 551–52 (1st Cir.1987). The burden of establishing "good cause" is on the party seeking to disclose the records. *Id.* at 552.

42 C.F.R. section 2.64(d) sets forth the criteria for an order to disclose drug abuse patient records. A court must determine that "good cause exists." To make such a determination, the court must find:

(1) Other ways of obtaining the information are not available or would not be effective; and

(2) The public interest and need for disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

---

**1.** All U.S.C.A. references are to 1998 supp.

**2.** All C.F.R. references are to 1998.

The highest court in New York considered "good cause" in a case somewhat similar to the one before us, *Com'r of Social Ser., etc. v. David R.S.*, 55 N.Y.2d 588, 451 N.Y.S.2d 1, 436 N.E.2d 451 (1982). In that case, the plaintiff sought to have the defendant declared to be the father of mother's child. The defendant sought to subpoena records of mother from a drug abuse and alcohol prevention and treatment facility. *Id.* at 2, 436 N.E.2d 451.

The defendant's request sought the production of the "[m]edical record, pertaining to examinations, consultations, treatment, birth control, abortion, etc." of mother. He sought to use these records to impeach mother's credibility in the paternity proceeding by showing a prior pregnancy and abortion and sexual promiscuity. The treatment facility refused, stating the records were confidential under 21 U.S.C. section 1175.[3] *Id.* at 2, 3, 436 N.E.2d 451.

The trial court found that the records were within the scope of the federal privilege, but also found the requisite "good cause" and ordered disclosure of the records. *Id.* at 3, 436 N.E.2d 451. The intermediate appellate court affirmed, but found the records were not within the scope of the federal regulations because mother's relationship with the treatment center was "for purposes wholly unrelated to drug abuse counseling." *Id.*

In a well reasoned opinion, New York's Court of Appeals reversed. It first held the records were within the federal regulations. It then examined whether "good cause" existed to disclose the records. *Id.* at 4, 436 N.E.2d 451.

The court performed the balancing test as directed by the federal regulations. It first weighed one side of the statutory scale, the public interest and the need for disclosure. It noted that "in general there is a broad public interest in assuring the availability of all material and competent evidence for the proper resolution of litigated matters." *Id.* at 5, 436 N.E.2d 451. However, it noted that this consideration would be pertinent to every application for an exception. Thus, it

"cannot be permitted to weigh heavily in the determination of 'good cause' in individual cases." *Id.*

The court then turned to "need for disclosure." It said that the need "is simply the desire of the putative father in private litigation for evidence in a particular form which he deems advantageous to him for use in attacking the credibility of the mother's testimony." *Id.* It also noted that other evidence was available and so little weight should be given to the defendant's need for disclosure.

The court then looked to the other side of the balancing scale, i.e. the potential injury to the patient, the physician-patient relationship, and the treatment services. It placed special emphasis on the need to encourage individuals to go to treatment centers in the first place and to continue to avail themselves of the services. It held that the statute is designed to protect "patients against disclosures the threat of which might well deter their participation." *Id.* at 6, 436 N.E.2d 451.

The court could not identify any independent injury to the physician-patient relationship or to the treatment services. However, it noted that other potential and actual patients not only of the involved institution but also other institutions might be dissuaded from entering the treatment program "by fear that confidentiality will not be available to them at such facilities and that the assurances given them are not to be relied on." *Id.* at 6, 436 N.E.2d 451. After weighing all factors, the court concluded that the disclosure order was improperly granted. *Id.*

■ Turning to the case before us, husband's subpoena seeks the production of wife's medical records concerning her treatment for substance abuse. Simply stated, this request falls within the scope and privilege of the cited federal statute and regulations.

Nevertheless, husband argues that, even if the requested records are privileged, they should still be discoverable because he has

---

**3.** Section 1175 was later transferred to 42 U.S.C.A. section 290ee–3, which was later transferred to the present section 290dd–2. The text of section 1175 which relates to "good cause" is essentially identical to that of section 290dd–2.

established "good cause." He argues that the state's interest in determining the truth and its interest in ensuring parties to a marriage enter into their relationship with full knowledge establish public interest. He does not refer to any authority in support of that contention.

On the other hand, *Com'r of Social Ser.* basically held to the contrary, holding that such considerations should not be weighed heavily. We agree. If such were sufficient, then it would be applicable in every case and the statute and regulation would be virtually emasculated. Moreover, as shown by the legislative history and as held in *Cresta,* there is a strong presumption against disclosing records of this kind. *Cresta,* 825 F.2d at 552.

Further, husband has not established the "need for disclosure." Here, husband seeks this information for use in private litigation wherein he is the petitioner and wife is the respondent. His petition alleges that the parties have no children and nothing presented to us indicates that wife placed her health at issue. If, as husband alleges in his petition, wife concealed from him that "she was, at the time of marriage and prior, addicted to the use of alcohol, disabled and incapacitated by her use of alcohol," evidence of this should be available from other sources of information.

There is an additional reason for making the writ permanent as it pertains to the medical records sought from Christian Hospital Northwest. State law protects the exchange of information between a patient and physician. Section 491.060(5) RSMo 1994 provides the following persons shall be incompetent to testify:

> a physician ..., a licensed psychologist ..., concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe and provide treatment for such patient as a physician, psychologist....

Hospital records are included within the statutory privilege. *Klinge v. Lutheran Medical Center of St. Louis,* 518 S.W.2d 157, 165 (Mo.App. E.D.1974); *see also, Leritz v.*

*Koehr,* 844 S.W.2d 583, 585 (Mo.App. E.D. 1993) ("myriad decisions upholding the confidentiality of medical records"). Although there are numerous exceptions to the privilege, none are applicable here. *See, e.g., Klinge,* 518 S.W.2d at 164–65.

Respondent erred in ordering disclosure of wife's medical records. Our preliminary order in prohibition is made permanent.

SIMON and CRANE, JJ., concur.