STATE of Missouri ex rel. Jimmy MALONEY d/b/a Maloney's Heating and Air Conditioning, Appellant,

v.

The Honorable Nelson G. ALLEN, Chief Administrative Law Judge, Division of Worker's Compensation, Department of Labor and Industrial Relations, Respondent.

No. WD 57512.

Missouri Court of Appeals,
Western District.

June 20, 2000.

As Modified Aug. 29, 2000.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Steve Scott, Columbia, for appellant.

John Jay Benson, Kirksville, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J., and SMART, J.

ROBERT G. ULRICH, Judge.

Appellant/Relator Jimmy Maloney, d/b/a Maloney's Heating and Air Conditioning, appeals the judgment of the circuit court denying his petition for writ of prohibition. Relator sought a writ of prohibition against The Honorable Nelson G. Allen, Chief Administrative Law Judge, Division of Workers' Compensation, (Respondent) to prevent the enforcement of a protective order precluding Dr. Thomas Anderson, a psychiatrist who treated employee Terry Hay, from testifying in the underlying workers' compensation case pursuant to the physician/patient privilege in section 491.060(5), RSMo Cum.Supp.1999. Relator contends that the court erred in denying his petition for writ of prohibition because the physician/patient privilege does not apply in workers' compensation proceedings. The judgment of the circuit court denying Relator's petition for writ of prohibition and quashing the preliminary order in prohibition is affirmed.

On December 9, 1996, Terry Hay, an employee of Relator, was returning from a service call in Relator's van when the van struck a tractor trailer head-on. As a result of the collision, Mr. Hay sustained orthopedic injures to both of his legs.[1] He was hospitalized at University Hospital & Clinics in Columbia where he underwent several surgeries. Mr. Hay was discharged from the hospital on December 24, 1996, and continued treatment with the Orthopedic Surgery Clinic of University Hospital on an outpatient basis. During his post-operative orthopedic care, Mr. Hay was also seen by the Department of Psychiatry for depression resulting in a referral to Dr. Thomas Anderson, a psychiatrist at Boone Hospital Center. Mr. Hay died on May 20, 1997, of a self-inflicted gunshot wound to the head.

On November 19, 1997, Mr. Hay's widow, Melana Hay, filed a claim for compensation with the Division of Workers' Compensation. Mrs. Hay filed an amended claim for compensation on October 5, 1998, seeking workers' compensation benefits for the injuries Mr. Hay sustained to his left and right lower extremities in the December 9, 1996 collision while in the course and scope of his employment with Relator. Mrs. Hay did not seek compensation for depression Mr. Hay may have suffered as a result of the accident. In their answer to the amended claim, Relator and his insurer, admitted that Mr. Hay was injured in a head-on collision on December 9, 1996, while he was operating the Relator's vehicle. Relator and his insurer, however, asserted that the claim was not compensable under section 287.120.3, RSMo 1994,[2] because Mr. Hay's injuries resulting from the collision were intentionally self-inflicted.

On May 7, 1998, Relator notified Mrs. Hay, through her attorney, that Dr. Anderson's deposition was scheduled for June 10, 1998. Mrs. Hay objected to Relator deposing Dr. Anderson, asserting the physician/patient privilege, and the deposition was cancelled. Thereafter, Mrs. Hay filed a motion for protective order to preclude Relator from deposing Dr. Anderson

---

1. Specifically, Mr. Hay sustained a mid shaft fibula fracture with a butterfly fragment of the left lower extremity, a comminuted calcaneus fracture of the left foot, comminuted mid shaft tibia fracture of the right lower extremity, and a segmental fibula mid shaft fracture of the right lower extremity.

2. Section 287.120.3 provides:

No compensation shall be allowed under this chapter for the injury or death due to the employee's intentional self-inflicted injury, but the burden of proof of intentional self-inflicted injury shall be on the employer or the person contesting the claim for allowance.
§ 287.120.3, RSMo 1994.

based on the physician/patient privilege set forth in section 491.060, RSMo Cum.Supp. 1999. The motion was argued before Respondent on October 27, 1998, and Respondent thereafter stated his intention to sustain the motion.

Relator filed its petition for writ of prohibition in the circuit court to prevent the enforcement of the protective order and to direct Dr. Anderson to provide all of his records and to submit to a deposition concerning his treatment of Mr. Hay. The court's preliminary order in prohibition was entered on February 18, 1999. Following argument on the petition, the circuit court denied Relator's petition and quashed the preliminary order in prohibition. This appeal followed.

In its sole point on appeal, Relator claims that the circuit court erred in denying his petition for writ of prohibition. He contends that the physician/patient privilege does not apply in workers' compensation proceedings.

■ Generally, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Rule 56.01(b)(1). The physician/patient privilege established by the legislature in section 491.060 is an exception to the general discovery rule. The statute provides in pertinent part:

■ The following persons shall be incompetent to testify:

(5) A physician licensed pursuant to chapter 334, RSMo, a chiropractor licensed pursuant to chapter 331, RSMo, a licensed psychologist or a dentist licensed pursuant to chapter 332, RSMo, concerning any information which he or she may have acquired from any patient while attending the patient in a professional character, and which information was necessary to enable him or her to prescribe and provide treatment for such patient as a physician, chiropractor, psychologist or dentist.

§ 491.060(5), RSMo Cum.Supp.1999. The purpose of the physician/patient privilege is to enable the patient to secure complete and appropriate medical treatment by encouraging candid communication between the patient and the physician, free of fear of the possible embarrassment and invasion of privacy engendered by an unauthorized disclosure of information. *State ex rel. Woytus v. Ryan,* 776 S.W.2d 389, 392 (Mo. banc 1989). The privilege can only be waived by the patient, and the physician must protect the patient by asserting the privilege when applicable. *State ex rel. Dixon Oaks Health Ctr., Inc. v. Long,* 929 S.W.2d 226, 229 (Mo.App. S.D.1996). Furthermore, the physician/patient privilege survives the patient's death. *Leritz v. Koehr,* 844 S.W.2d 583, 584 (Mo.App. E.D. 1993). The privilege continues indefinitely, and those who represent the patient after his death can waive the privilege. *Id.*

■ The physician/patient privilege, however, is not absolute. "Under certain circumstances, the protection afforded by the privilege must give way to society's interest in ascertaining the truth." *Woytus,* 776 S.W.2d at 393. Once a party places the matter of his physical condition in issue under the pleadings, the party's physician/patient privilege is waived insofar as information from doctors or medical and hospital records bears on that issue. *State ex rel. Jones v. Syler,* 936 S.W.2d 805, 807 (Mo. banc 1997); *State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 601 (Mo. banc 1968). In such case, the opposing party is not entitled to any and all medical information. *State ex rel. Stecher v. Dowd,* 912 S.W.2d 462, 464 (Mo. banc 1995). Rather, the opposing party may discover only those medical records that relate to the physical conditions at issue under the pleadings. *Id.; State ex rel. Wilfong v. Schaeperkoetter,* 933 S.W.2d 407, 409 (Mo. banc 1996). Waiver of the privilege does not "automatically extend[ ] to every doctor or hospital record a party has had from birth regardless of the bearing or lack of bearing, as may be, on the

matters in issue." *McNutt*, 432 S.W.2d at 602.

In certain types of cases, the physician/patient privilege has been modified, relaxed, or made inapplicable by legislation. *Dixon Oaks*, 929 S.W.2d at 229 n. 6. Such is the case in workers' compensation proceedings[3] where compensation is sought for personal injuries or death of an employee arising out of and in the course of his employment. § 287.140.6, RSMo Cum.Supp.1998; *Klinge v. Lutheran Med. Ctr. of St. Louis*, 518 S.W.2d 157, 164 (Mo.App.1974). Section 287.140.6 provides:

> The testimony of any physician or chiropractic physician who treated the employee shall be admissible in evidence in any proceedings for compensation under this chapter, subject to all of the provisions of section 287.210.

§ 287.140.6, RSMo Cum. Supp. 1996.[4] Section 287.210.3 provides in pertinent part:

> The testimony of any physician who treated or examined the injured employee shall be admissible in evidence in any proceedings for compensation under this chapter.

§ 287.140.6, RSMo Cum.Supp.1998. Sections 287.140.6 and 287.210.3 demonstrate the Missouri General Assembly's intent that medical evidence is admissible in workers' compensation proceedings, thereby modifying or relaxing the physician/patient privilege. The language of the statutes, however, does not imply a legislative intent that such modification to the privilege is unlimited. As in the case where a party places his physical, mental, or emotional condition in issue by the pleadings, an employee who files a workers' compensation claim waives his physician/patient privilege only to the extent that medical information relates to the condition or injury for which the employee seeks compensation. To hold that the General Assembly intended an unlimited waiver of the physician/patient privilege when an employee files a workers' compensation claim would allow unlimited discovery of any and all medical information about the employee regardless whether it is related to the claimed injury. Such holding would be inconsistent with the purpose of the privilege to invite confidence between physician and patient.

Relator's only claim on appeal is that the physician-patient privilege does not apply in workers' compensation proceedings. As discussed, the privilege is applicable, although the filing of a workers' compensation claim waives the privilege to the extent that medical information or testimony relates to the condition for which the employee seeks compensation. Relator does not argue on appeal that the records in Dr. Anderson's possession concerning Mr. Hay are discoverable because they relate to the injuries suffered by Mr. Hay for which Mrs. Hay sought compensation, and we therefore do not reach that issue. For these reasons, Relator's point is denied, and the judgment is affirmed.

LAURA DENVIR STITH, P.J. and SMART, J. concur.

---

**3.** Workers' compensation law is entirely a creature of statute and is governed by chapter 287, RSMo. *Farmer v. Barlow Truck Lines, Inc.*, 979 S.W.2d 169, 170 (Mo. banc 1998).

**4.** See also section 287.140.7, RSMo Cum. Supp. 1988, which provides for admission of medical records.