### STATE ex rel. Rhianna V. CHANCE, Relator,

v.

### Honorable J. Miles SWEENEY, Judge of the Circuit Court of Greene County, Missouri, Respondent.

No. 24267.

Missouri Court of Appeals, Southern District, Division 2.

March 28, 2002.

---

James A. Endicott; William H. McDonald & Assoc., P.C., Springfield, for Relator.

Michael J. Patton; Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for Respondent.

JOHN E. PARRISH, Judge.

This is an original proceeding in prohibition directed to a proposed ruling announced by the respondent judge regarding discovery of medical records in an

action pending in the Circuit Court of Greene County, Missouri. The circuit court case is *Rhianna V. Chance v. Darren K. Vodopich, et al.,* Greene County Circuit Court No. 199CC0032. Lester E. Cox Medical Centers and Cox Hospitals of the Ozarks, Inc. (collectively referred to in this opinion as "Cox") are co-defendants with Darren K. Vodopich in the circuit court action.

Relator sought production of records of Cox regarding hospitalization of Darren K. Vodopich. Respondent notified relator and the other parties to the circuit court case that an order denying relator's request for production of the medical records would be entered unless respondent was "prohibited from doing so by the appellate court." [1]

Relator filed a petition for writ of prohibition in this court. A preliminary order in prohibition was issued. Respondent was prohibited from denying the request for production of medical records pending further order of this court. The preliminary order in prohibition is quashed in part and made absolute in part with directions as hereafter stated.

### The Circuit Court Case

The underlying circuit court case was brought in seven counts. Count I is against Mr. Vodopich. The remaining counts are against Cox. The circuit court petition characterizes Count I as an action for "Battery." Count I alleges that relator was admitted to a psychiatry center operated by Cox on September 11, 1997; that she was discharged from that facility September 26, 1997. It alleges that Mr. Vodopich was admitted to that facility on September 20, 1997; that on or about September 23, 1997, Mr. Vodopich injured relator while at those premises. It asserts that he, "without consent, sexually molested and raped [relator]." The petition alleges "Vodopich intentionally caused harm through an offensive and non-consensual touching of a sexual kind"; that as a result, relator "was caused bodily harm"; that relator "suffered severe emotional distress and will continue to incur future emotional distress."

The claims against Cox are denominated as claims for "Negligence" (Count II), "Assault & Battery" (Count III), "False Imprisonment" (Count IV), "Breach of Contract" (Count V), "Negligent Infliction of Emotional Distress" (Count VI), and "Intentional Infliction of Emotional Distress" (Count VII). Counts II and VI are based on the circumstances that are alleged in relator's claim against Mr. Vodopich—the

---

1. A copy of a letter dated April 24, 2001, from Michael J. Patton, Cox's attorney, to respondent is included with the material relator filed in this court. It shows a copy directed to James Endicott, relator's attorney. The letter states a proposed order was enclosed reflecting "your recent ruling." A copy of the unsigned "Order" that was sent with the letter was also filed in this court. It states:

   The court takes up plaintiff's motion for ruling upon in camera review. The court has reviewed, in camera, Darren Vodopich's records. The court does not believe, after reviewing the records, that Mr. Vodopich's privilege should be waived and the records produced to plaintiff's counsel. The court did note that it might be inclinned [sic] to

   rule differently with respect to a particular document in Mr. Vodopich's file which appears to be a statement regarding Vodopich's involvement in the event in question. In chambers, the court showed a copy of the statement to defense counsel who showed a copy to plaintiff's counsel and both confirmed that the parties already had a copy of that exact document through other means. Under the circumstances, the court overrules plaintiff's motion for ruling upon in camera review and orders that the records not be produced. Mr. Vodopich's medical records are returned to counsel for defendant Cox.

   The proposed order provided a place for signature by respondent.

facts alleged in Count I of the petition. Counts II and VI assert Cox was negligent in failing to take actions that would have prevented the events alleged in Count I. Counts III, IV and VII are based on claims that Cox forcefully restrained relator by strapping her to a bed and by grabbing her and moving her to an area where she was ultimately restrained. Count V is a claim that Cox materially breached a contract with relator to provide treatment.

The requests for production of documents filed in circuit court include requests that Cox produce, pursuant to Rule 58.01:

. . .

2. Any and all copies of all medical reports, office records, and hospital records regarding the treatment of defendant Darren K. Vodopich while he was a patient at Cox.

. . .

4. Any and all records and contracts regarding the admittance of Defendant Darren K. Vodopich into the care of Cox.

. . .

7. Any and all records of administering medications to defendant Darren K. Vodopich.

. . .

10. Any and all written statements, transcriptions of oral statements or written memoranda from oral statements from Defendant Darren Vodopich regarding the incident mentioned in Plaintiff's Petition.

. . .

Cox objected to requests No. 2, 4 and 7 "for the reason that it is over broad and burdensome, seeks to invade the peer review privilege and for the reason that it seeks to invade the physician-patient privilege." Cox objected to request No. 10 "for the reason that it seeks information protected by the physician-patient privilege; seeks information which constitutes work product and/or trial preparation information."

Similar requests for production were directed to Mr. Vodopich. His response to each request for production of medical records was, "Objection; seeks privileged information." [2]

According to copies of the trial court's docket sheets filed in this court with the petition for writ of prohibition, the respondent judge on December 8, 1999, ordered the medical records of Cox produced "in camera." [3] A May 3, 2001, docket entry notes respondent's intention to deny relator's request for production of

---

2. The request to Mr. Vodopich for copies of medical records while he was a patient at Cox in September 1997 included the statement "In lieu thereof, [relator] will accept a medical authorization which is attached . . . signed by defendant Darren K. Vodopich." Mr. Vodopich did not sign the medical authorization.

3. The docket entries were one of 21 exhibits attached to relator's petition for writ of prohibition filed in this court. Rule 97.03 permits items "essential to an understanding of the matters set forth in the petition in prohibition" to be attached as exhibits to the petition.

That rule offers no guidance, however, regarding the assembly or indexing of such items. The attachment of numerous items as exhibits to a petition in prohibition without an index or listing that identifies the items by name or character with reference to a page number or exhibit number makes the pleading cumbersome and difficult to review. A good practice would be to include a listing or index to exhibits to a petition in prohibition similar to the index that is required for a legal file in an appeal.

the medical records. The docket entry was made following an in camera review of those records.

### Rule 58.01—Request for Production of Documents

Rule 58.01(a) provides, as applicable here:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents ... which are in the possession, custody or control of the party upon whom the request is served; . . . .

*State ex rel. Dixon v. Darnold*, 939 S.W.2d 66 (Mo.App.1997), explains the procedure for review of a claim that a trial court exceeded its jurisdiction in an action in prohibition.

> In a prohibition proceeding the burden is on the petitioning party to show that the trial court exceeded its jurisdiction, and that burden includes overcoming the presumption of right action in favor of the trial court's ruling. *State ex rel. Vanderpool Feed & Supply Co. v. Sloan*, 628 S.W.2d 414, 416 (Mo.App. 1982); *accord [State ex rel.] Lichtor [v. Clark]*, 845 S.W.2d [55] at 59 [(Mo.App. 1992)]. The reviewing court is limited to the record made in the court below. *State ex rel. Terry v. Holtkamp*, 330 Mo. 608, 51 S.W.2d 13, 16 (1932). The record under review in a prohibition proceeding must be sufficiently developed so that a reviewing court may make a proper determination as to the correctness of the ruling of the trial court. *See [State ex rel.] St. Anthony's [Medical Center v. Provaznik]*, 863 S.W.2d [21] at 23 [ (Mo.App.1993) ].

*Id.* at 69.

*State ex rel. Dixon Oaks Health Center, Inc. v. Long*, 929 S.W.2d 226 (Mo.App. 1996), states with respect to discovery:

> The general rule of discovery is that the parties may obtain information regarding any matter relevant to the subject matter involved in the pending action so long as the matter is not privileged. Rule 56.01(b)(1), Missouri Rules of Civil Procedure (1995). The term "relevant" is broadly defined to include material "reasonably calculated to lead to the discovery of admissible evidence." *Id.; State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo.banc 1995).

*Id.* at 231.

■ In the underlying circuit court case, the respondent judge conducted an in camera review of the records relator sought. An in camera review of records that may contain privileged information is appropriate in order to protect one who may be subjected to harm or humiliation upon unwarranted invasion by another who is seeking information. *State ex rel. Health Midwest Development Group v. Daugherty*, 965 S.W.2d 841, 844 (Mo. banc 1998). The task may be undertaken by the trial judge or by a master appointed for that purpose. *State ex rel. Madlock v. O'Malley*, 8 S.W.3d 890, 892 (Mo. banc 1999).

Following the in camera review, respondent was prepared to enter a finding that Mr. Vodopich's privilege should not be waived with respect to the medical records relator sought to have produced; that the records were privileged and would not be ordered produced. Respondent acknowledged, however, that the records included a document he might have been inclined to order produced but for statements made by the attorneys in the circuit court case, upon their being made aware of that part of the record, that they already had copies of the document. This court was provided

a copy of the document. It is identified as "a true and correct copy of statement made by defendant Darren K. Vodopich concerning his involvement in the event in question."

A sealed envelope containing copies of the medical records respondent reviewed in camera was filed in this court. This court reviewed those documents. The statement represented as having been made by Mr. Vodopich was included with those records.

### Issues Relator Raises in this Action in Prohibition

The issues relator raises in this action in prohibition are reviewed with the knowledge that medical records are privileged; that they cannot be disclosed except to the extent, if any, that they contain information not necessary for Mr. Vodopich's treatment and which information is relevant to the subject matter involved in the underlying circuit court case. *State ex rel. Dixon Oaks v. Long,* 929 S.W.2d at 229 and 231.

■ Relator's first point asserts respondent exceeded his jurisdiction in refusing relator's request for production of the medical records sought because there was not sufficient evidence that the information in the medical records was necessary to enable medical personnel to provide treatment to Mr. Vodopich. This court's review of the records supports relator's claim that the records include information not necessary for the patient's treatment with respect to parts of two progress notes. Respondent exceeded his jurisdiction in not providing redacted copies of two progress notes dated "9/24/97" and "9–24–97." The first progress note reflects the time as "1800." The first sentence of that entry begins, "Pt. had approached staff...." The information set forth in that sentence was not necessary to Mr. Vodopich's treat-

ment. That progress note, with the other sentences redacted, should be produced in response to relator's request.

The other progress note that should be produced in redacted form reflects the time as "1805." The sentence that begins on the 12th line of that note with the words, "While this recorder ..." and continues on the 13th, 14th, and 15th lines and ends on the 16th line does not state information necessary to Mr. Vodopich's treatment. That progress note, with the other sentences redacted, should be produced in response to relator's request. The signatures that appear at the end of each of the two identified progress notes should not be redacted. Point I is granted with respect to the parts of the medical records heretofore identified. In all other respects it is denied.

■ Point II asserts relator was entitled to have the records produced because Mr. Vodopich waived his privilege with respect to those records by failing to object to certain interrogatories propounded to him by relator. Although Point II does not identify what interrogatory or response thereto relator contends amounted to waiver of Mr. Vodopich's privilege, the argument portion of his brief refers to interrogatories No. 5, 7 and 9.

Interrogatory No. 5 asked Mr. Vodopich to "state whether any employee, agent, doctor[,] nurse or director prescribed or administered any medication" to him during his period of hospitalization at Cox. It then sought detailed information concerning dates any medications were administered; the identity of any such medications; the identity of the person or persons who prescribed any medications; whether Mr. Vodopich "accepted the medication as directed"; the purpose "for each time Defendant Cox medicated" Mr. Vodopich; how each medication af-

fected him; and "[t]he frequency of the medication administered." Mr. Vodopich's answer was, "I don't recall the name of the medication given. The medication was for depression. All this information is contained in my medical records for Cox."

Interrogatory No. 7 asked Mr. Vodopich to state the name, address and occupation of each person who was directly responsible for his care and safety during the time he was "a resident at Cox Medical Center North as described in [relator's] petition [in the underlying circuit court case]." It asked him to state for each person, the person's occupation and "[t]heir assigned duties at the time of the incident." He answered, "I don't remember. All this information is contained in my medical records from Cox."

Interrogatory No. 9 asked Mr. Vodopich to state the date he was released as a patient at Cox and to describe in detail the reasons for his release. He answered that all the information was contained in his medical records from Cox. Relator argues that the failure to object to the interrogatories, together with Mr. Vodopich's "responses directing [relator] to look at his medical records for the answers," was a "clear, unequivocal act demonstrating his intent to waive the physician-patient privilege"; that it amounted to an estoppel to object later.

▆▆ To waive the confidential physician-patient statutory privilege (that also extends to medical records) by means of disclosure of information, the disclosure must be voluntary. *Hemminghaus v. Ferguson*, 358 Mo. 476, 215 S.W.2d 481, 488 (Mo.1948). Disclosure of information in response to an adverse party's discovery inquiry is not voluntary. *State ex rel. Hayter v. Griffin*, 785 S.W.2d 590, 594 (Mo.App.1990). The information on which relator relies in contending Mr. Vodopich

waived any claim of medical privilege with respect to his Cox records was gleaned by reason of his answers to interrogatories propounded by relator. Information obtained by reason of an adverse party's inquiry is considered to be "extorted" and involuntary. *Id.* Point II is denied.

Relator's third point argues that she should be permitted to discover the content of Mr. Vodopich's medical records because the events giving rise to the causes of action asserted in her circuit court case occurred entirely within a medical facility. She suggests to deprive her of the information she seeks "would eliminate the best means of ascertaining truth"; that "the records are relevant to numerous issues to be resolved in the litigation." Relator offers no explanation as to what "numerous issues" she would expect the records to assist in resolving. Her argument is not persuasive. Point III is denied.

### *Disposition*

The preliminary order in prohibition is made absolute with respect to the denial of request No. 10 of "Plaintiff's First Request for Production of Documents" to Cox. Respondent is directed to order production of redacted copies of the progress notes heretofore identified. In all other respects, the preliminary order in prohibition is quashed.

GARRISON, P.J., concurs in part and dissents in part in separate opinion.

PREWITT, J., concurs.

PHILLIP R. GARRISON, Presiding Judge.

### *CONCURRING IN PART AND DISSENTING IN PART*

I concur in part and dissent in part. I concur in all of the principal opinion except

that portion relating to the "1800" entry in the hospital records referred to in that opinion. In that regard, it seems to me that the communications described there could be considered as relating to treatment of Mr. Vodopich and therefore privileged. I would make our preliminary order in prohibition absolute as to that entry.